IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAURA JONES,                              3:11-CV-01106-BR

            Plaintiff,                    OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

            Defendant.


MERRILL SCHNEIDER
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

        Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**KATHRYN ANN MILLER**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104
(206) 615-2240

       Attorneys for Defendant


**BROWN, Judge.**

     Plaintiff Laura Jones seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act for the period before August 1, 2008.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

     Following a review of the record, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter for further proceedings.


## ADMINISTRATIVE HISTORY

     Plaintiff protectively filed her applications for SSI and DIB on February 24, 2003, and alleged a disability onset date of

February 1, 2001.  Tr. 16, 66.[1]  The applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on September 4, 2009.  Tr. 1130-50.  At the hearing, Plaintiff was represented by an attorney.  Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on September 16, 2009, in which he found Plaintiff is not entitled to DIB and is entitled to SSI benefits only for the period after August 1, 2008.  Tr. 16-28. That decision became the final decision of the Commissioner on July 13, 2011, when the Appeals Council denied Plaintiff's request for review.  Tr. 1-5.


## BACKGROUND

Plaintiff was born on August 2, 1967, and was 48 years old at the time of the hearing.  Tr. 66.  Plaintiff has a tenth-grade education.  Tr. 1134.  Plaintiff has past relevant work experience as a sales clerk.  Tr. 26.

Plaintiff alleges disability due to depression, a brain tumor, panic attacks, post-traumatic stress disorder (PTSD), and a heart condition.  Tr. 92.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the

_____

[1]  Citations to the official transcript of record filed by the Commissioner on January 30, 2012, are referred to as "Tr."

medical records, this Court adopts the ALJ's summary of the
medical evidence. *See* Tr. 19, 22-25.

## STANDARDS

The initial burden of proof rests on the claimant to
establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th
Cir. 2012). To meet this burden, a claimant must demonstrate her
inability "to engage in any substantial gainful activity by
reason of any medically determinable physical or mental
impairment which . . . has lasted or can be expected to last for
a continuous period of not less than 12 months." 42 U.S.C.
§ 423(d)(1)(A). The ALJ must develop the record when there is
ambiguous evidence or when the record is inadequate to allow for
proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d
881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d
453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole. 42
U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*,
682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is
"relevant evidence that a reasonable mind might accept as
adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11
(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690

(9th Cir. 2009)).  It is more than a mere scintilla [of evidence] but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

5 - OPINION AND ORDER

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair*

*v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).


## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since her February 1, 2001, onset date.  Tr. 18.

At Step Two the ALJ found Plaintiff had the severe

7 - OPINION AND ORDER

impairments of depression, "brain tumor status post surgery in 2003," obesity, and headaches from her February 1, 2001, onset date to August 1, 2008.  Tr. 18.  The ALJ also found Plaintiff has suffered from the severe impairments of "brain tumor status post surgeries in 2003 and 2008," myocardial infarction, congestive heart failure, depression, anxiety disorder, obesity, and headaches since August 1, 2008.  Tr. 18.

At Step Three the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1.  The ALJ found Plaintiff had the RFC to perform light work before August 1, 2008, "except that [Plaintiff] was limited to only occasional stooping, crouching, crawling, kneeling, balancing, or climbing" and was able to understand, to remember, and to carry out only short, simple instructions.  Tr. 21.  The ALJ found Plaintiff had the ability to perform sedentary work after August 1, 2008, but "due to fatigue, she is unable to sustain the persistence and pace of full-time employment."  Tr. 25.

At Step Four the ALJ concluded Plaintiff was able to perform her past relevant work as a sales clerk before August 1, 2008, but after August 1, 2008, Plaintiff was unable to perform that past relevant work.  Tr. 26.

At Step Five the ALJ found Plaintiff could not perform any jobs that exist in significant numbers in the national economy

after August 1, 2008.  Tr. 27.  Accordingly, the ALJ found

Plaintiff is disabled and eligible for SSI benefits beginning

August 1, 2008.[2]


### DISCUSSION

Plaintiff contends the ALJ erred (1) at Step Three when he

improperly found Plaintiff's impairments did not equal any

Listing and (2) improperly and implicitly rejected the opinion of

James V. Makker, M.D., treating surgeon.

**I.    The ALJ erred when he improperly found at Step Three that
Plaintiff's impairments did not equal a Listing.**

At Step Three the Commissioner must determine whether a

claimant's impairments meet or equal one of the listed

impairments that the Commissioner acknowledges are so severe as

to preclude substantial gainful activity.  20 C.F.R.

§§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  Social Security

Ruling 96-6P provides in pertinent part:

> [L]ongstanding policy requires that the judgment
> of a physician (or psychologist) designated by the
> Commissioner on the issue of equivalence on the
> evidence before the administrative law judge or
> the Appeals Council must be received into the
> record as expert opinion evidence and given
> appropriate weight.
>
> The signature of a State agency medical or
> psychological consultant on an SSA-831-U5

---

[2] Plaintiff's date last insured is September 20, 2005.  The
ALJ, therefore, concluded Plaintiff was not disabled before her
date last insured and, thus not entitled to DIB.

> (Disability Determination and Transmittal Form) or
> SSA-832-U5 or SSA-833-U5 (Cessation or Continuance
> of Disability or Blindness) ensures that
> consideration by a physician (or psychologist)
> designated by the Commissioner has been given to
> the question of medical equivalence at the initial
> and reconsideration levels of administrative
> review.  Other documents, including the
> Psychiatric Review Technique Form and various
> other documents on which medical and psychological
> consultants may record their findings, may also
> ensure that this opinion has been obtained at the
> first two levels of administrative review.
>
> When an administrative law judge or the Appeals
> Council finds that an individual's impairment(s)
> is not equivalent in severity to any listing, the
> requirement to receive expert opinion evidence
> into the record may be satisfied by any of the
> foregoing documents signed by a State agency
> medical or psychological consultant

As noted, the ALJ found at Step Three that Plaintiff's

impairments do not medically equal one of the listed impairments

in 20 C.F.R. Part 404, Subpart P, Appendix 1.  The record

reflects Plaintiff's "original file was lost and [was]

reconstructed to the extent possible[; however,] the record does

not contain any opinion from State Agency medical or

psychological consultants." Tr. 24.  SSR 96-6P makes clear that

the ALJ may not make an equivalency finding without obtaining the

opinion of a "[s]tate agency medical or psychological consultant"

or an updated medical opinion from a medical expert.  Here the

ALJ did not obtain either the opinion of a state agency medical

or psychological consultant or an updated opinion from a medical

expert.

10 - OPINION AND ORDER

The Court, therefore, concludes the ALJ erred at Step Three when he made a finding of equivalence without the required medical evidence to support such a finding.

## II.   The ALJ erred when he improperly rejected Dr. Makker's opinion.

Plaintiff contends the ALJ erred when he improperly failed to provide legally sufficient reasons for rejecting the opinion of Dr. Makker, Plaintiff's treating physician.

An ALJ may reject an examining physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of an examining physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v. Chater*, 81 F.3d at 830-32.

On September 9, 2009, Dr. Makker completed a form[3] setting out Plaintiff's impairments and his opinion as to their effect on her ability to perform work during the relevant period. Tr. 1125-29.  Dr. Makker noted he has been Plaintiff's treating

---

[3] Plaintiff's counsel provided Dr. Makker with the form on August 26, 2009, which was prior to the September 4, 2009, hearing before the ALJ.

surgeon for brain tumors since March 2003.  He reported Plaintiff
suffers from moderate to severe headaches as a result of her
various impairments.  Tr. 1125-26.  Dr. Makker opined the
medications that Plaintiff takes regularly for her headaches
cause her to suffer moderate impairments in her concentration,
persistence, or pace, and Plaintiff's activities of daily living
are markedly limited by her headaches.  Tr. 1128.  Dr. Makker
stated he would expect Plaintiff to miss more than two days of
work per month due to her impairments and medications.  Tr. 1128.
In addition, Dr. Makker opined Plaintiff met Listing 11.05 and
had been limited by her impairments and the side effects from her
medications "since on or before September 30, 2005."  Tr. 1126,
1129.

    Although Dr. Makker's form was submitted to the ALJ after
the September 4, 2009, hearing, Plaintiff asserts Dr. Makker's
opinion was, in fact, before the ALJ prior to the issuance of his
September 16, 2009, decision.[4]  Nevertheless, the ALJ did not
address Dr. Makker's opinion in his decision.  Accordingly, the
Court finds the ALJ erred when he failed to provide legally
sufficient reasons for failing to address and/or to explicitly
reject Dr. Makker's September 9, 2009, opinion.

---

    [4] Defendant does not dispute Plaintiff's assertion that the
ALJ had Dr. Makker's form before he issued his September 16,
2009, decision.  In addition, it is undisputed that Dr. Makker's
opinion was before the Appeals Council prior to their July 13,
2011, denial of Plaintiff's request for review.

## **REMAND**

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). When "the record has been fully developed and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

The decision whether to remand this case for further proceedings or for the payment of benefits is a decision within the discretion of the court. *Harman*, 211 F.3d 1178.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The Court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally
> sufficient reasons for rejecting . . .
> evidence, (2) there are no outstanding issues
> that must be resolved before a determination
> of disability can be made, and (3) it is
> clear from the record that the ALJ would be
> required to find the claimant disabled were
> such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

As noted, the Court has determined the ALJ erred at Step

Three when he made an equivalency finding without supporting the finding with medical evidence.  In addition, the ALJ failed to address the opinion of Dr. Makker that Plaintiff suffered from serious impairments that would impact her ability to perform work in the national economy before her September 30, 2005, date last insured.  The Court, therefore, remands this matter for further administrative proceedings consistent with this Opinion and Order for the purpose of obtaining the required medical evidence to make a sufficient equivalency finding and to evaluate Dr. Makker's September 9, 2009, opinion.


## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 19th day of October, 2012.


_____
ANNA J. BROWN
United States District Judge